

FILED

Nov 19 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ JenniferS          DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CALIFORNIA
SOUTHERN DISTRICT CALIFORNIA DIVISON

THOMAS EMIL SLIWINSKI

    Plaintiff

vs

PATTY MAYSENT C.E.O.

LESLIE KOBAYASHI M.D.

S.H. PATEL M.D.

JENNIFER HALL

JOHN DOE 1

JOHN DOE 2

JOHN DOE 3

UNKNOWN MESH MFG.

    Defendant's

Case No.   **'18 CV 2653 CAB RBB**

COMPLAINT

Jury Trial Demanded

## INTRODUCTION

This is a civil rights action filed by Thomas Emil Sliwinski for damages and injunctive relief under 42 U.S.C.1347A3 Alleging Denial of Medical Care, Cruel and Unusal Punishment and Medical Deliberate Indiffence. In violation of the Eighth Amendment to the United States Constitution and California Constitution.

The Plaintiff also alleges the torts under state law of negilgence.

## JURISDICTION

1. The Court has jurisdiction over the Plaintiff claims of

violation of federal constitutional rights under 42 U.S.C. 1331 (1) and 1343.

1

2. The Court has supplemental jurisdiction over the Plaintiff's state law torts claims under 28 U.S.C. 1367.

PARTIES

1. The Plaintiff was a patient at U.C.San Diego Health from on or about October 28,2015 until January 3, 2016, during the events of his complaint.

2. Defendant Patty Maysent, being the C.E.O. of U.C.San Diego Health. 200 West Arbor Drive, San Diego CA 92101  San Diego County. Sued in Individual Capacity & Offical Capacity.

3. Defendant Leslie M. Kobayashi M.D. at U.C. San Diego Health 200 West Arbor Drive, San Diego CA. 92101  San Diego County. Sued in Individual Capacity.

4. Defendant Jennifer Hall, being the Case Worker of U.C. San Diego Health, 200 west Arbor, San Diego CA. 92101  San Diego County. Sued in Individual Capacity.

5. S.H. Patel M.D. at U.C. San Diego Health 200 West Arbor Drive, San Diego CA. 92101  San Diego County Sued in Indiviidual Capacity.

6. John Doe # 1, 2, and 3, being M.D.'s at U.C.San Diego Health 200 West Arbor Drive, San Diego CA. 92101  San Diego County. Sued in their Individual Capacities.

7. UNKNOWN MESH MFG.  Used by U.C.San Diego Health 200 West Arbor Drive San Diego, CA 92101  San Diego County Sued in Individual & Offical Capacity.

BASIS FOR VENUE

This Court can hear cases arising out of the District Of California, Under 28, U.S.C. 1391, this is the right court to file Plaintiff lawsuit.

1. All Defendant's live in this state (California) and at least one

2

of the Defendant's lives in the Court District.

2. A substantial part of events happened in this Court District.

3. The surgery was done in San Diego County, city of San Diego CA. Plaintiff was a patient at U.C.San Diego Health from October 28, 2015 until January 2016. All Defendant's are residents of California. U.C. San Diego Health does business in California, San Diego California.

## FACTS

1. Plaintiff was brought to U.C.S.D.H. by Homeland Security after Plaintiff was arrested in Mexico on or about October 28, 2015 with stab wounds to the stomach. (abdominal Area)

2. Plaintiff does not remember much from October 28, 2015 until about December 11, 2015.

3. Plaintiff had 13 surgeries from October 28, 2015 until December 2015.

4. Plaintiff had a "mesh" put installed on or about November 2015.

5. Plaintiff up to the date Plaintiff entered U.C.S.D.H. was walking on his own power, after treatment at U.C.S.D.H. Plaintiff could no longer walk on his own.

6. During Plaintiff stay, he can only recall given U.C.S.D.H. permisson to do a "skin graph" one time. Plaintiff does not recall ever given U.C.S.D.H. any other permisson to perform any surgery, treatments on him.

7. On or about January 3, 2016 Plaintiff was then taken to San Diego County Jail.

8. At San diego County jail Plaintiff had numerous bleeding and infections.

9. Plaintiff was they taken to Lewis & Clark County Jail in Helena, MT. where Plaintiff continued to bleed from his stomach have infections.

10. Plaintiff now is at Montana State Prison, and since being here has had nothing but life threatning medical problems caused by what the Doctors and U.C.S.D.H. has done to him during the time from October

3

2015 until January 3, 2016.

11. Plaintiff on a "cat scan" on or about February 2018 and on October 2018, Plaintiff has found out that he is in a "life threatning" medical problem distress. Plaintiff is working with numerous hospitals including the mayo clinic in MN., Salt Lake City Universary Hospital. The prison doctor DR.Paul Rees called U.C.S.D.H. on or about 5-11-18 called a L. Faest asking if they would take Plaintiff and fix the damage they did to Plaintiff, U.C.S.D.H. said no.

12. Plaintiff is having the following problems that were caused by the above defendant;s Dr's and John Doe doctors along with staff at U.C.S.D.H.

13. Plaintiff is on "stand-by" and soon as the prison can find a place that is willing to fix the damage caused by the Defendant's , Plaintiff will be taken there.

14. Plaintiff is suffering from the following,

a. Blood loss

b. Body fluid loss.

c. Intestines damage.

d. Bowel problems.

e. Staphylococcus Aureus.

f. Abdomen open wound.

g. Methicillin Resistant Strain.

h. Gallbladder removed.

i. Abnormal Wall Damage.

j. Extreme pain.

15. Plaintiff never had any of the Defendant's speak with with him during his stay to inform him what procedures they did to him or what will happen to him after discharge.

16. Defendant's should of never discharged Plaintiff until his health was in a good enough to travel or be moved. No concern for Plaintiff saftey was given.

17. Plaintiff was moved while still bleeding and having major problems.

18. Plaintiff to day after almost 3 years suffering worse every day that goes by. Death is one day closer until Plaintiff gets help.

4

## DENIAL OF MEDICAL CARE

19. Plaintiff was "denied proper medical care" from all Defendant's and unknown John Does 1,2,3. Defendant's should of checked to make sure Plaintiff was well enough to be discharged from the hospital.

20. Defendant's after installing the "mesh" should of taken the proper care and be sure the "mesh" was put in correctly.

21. Defendants should of taken care and read the instructions on how to insatll the "mesh"

22. Defendant's should of been sure the proper medical treatment was given to the Plaintiff, by inquiring with other medical doctors inthe proceeders they performed on Plaintiff.

23. Defendant's should of found "next if kin" for permisson to perform some of the procedures they did on him asking for permisson.

24. Plaintiff should of never been released under any conditions, except for full recovery from all 13 surgeries and skin graphs.

25. Plaintiff was never given or told about any physical theraphy that would of helped Plaintiff have a chnace to walk again on his own.

26. Defendant Patty Maysent as C.E.O. should of been sure she had the best medical doctors that knew how to install a "mesh" for Plaintiff saftey.

27. Defendant's and John Doe 1,2,3 failure to treat Plaintiff with ordinary care, knowledge, skill and care by the failure to check Plaintiff before his release.

28. Defendant's and John Doe 1,2,3 made numerous mistakes in procedures they did while operating and after care of Plaintiff.

29. Plaintiff has had numerous infections caused by poor proper medical care by Defendants, and John Doe 1,2,3,

30. The denial of Plaintiff medical care, is negligence at its best it is failure to "excurise the standard of care that a reasonably prudent person would of excurised.

5

31. The Defendant's along with John Doe 1,2,3 screening process for determining proper treatment is "inadequate"

32. The Defendant's and John Doe 1,2,3 owned "a duty of care" to Plaintiff , that he never recevied from them.

33. Defendant;s and John Doe 1,2,3 violated Plaintiff medical treatment under the Eighth Amendment of the United States and California Constitutional Laws.

## CRUEL AND UNUSALPUNISHMENT

34. Defendant's and John Doe 1,2,3 failure to perform the proper medical treatments on Plaintiff has caused after three yearsextreme pain, numerous problems, bleeding 24/7 a day, .

35. Defendant's and John Doe 1, 2, 3 has put Plaintiff life in danger until he receives new surgery, because of All Defendant's failure to treat him correctly.

36. All Defendant's failure to follow proper medical treatment and their duties to protect Plaintiff has raised issues of "cruel and unusal punishemnt towards Plaintiff.

37. Defendant's are guilty of "Ministerial Neglect" failure to follow their own rules, makes all Defendant's liable for Cruel and Unusal Punishemnt.

## MEDICAL DELIBERATE INDIFFENCE

38. The refusal of Defendant's and john Doe 1,2,3 to authorize follow up treatment after Plaintiff discharge, including follow up visits to check on the condition of Plaintiff abdominal surgery he had along with no proper orders for physical therapy constituted deliberate indifference to Plaintiff serious medical needs is a violation of the Eighth Amendment.

39. Defendant Patty Maysent, for her failure to follow hospital policy

6

and correct any mistakes the Defendant's that work under her failed
to perform properly. if not outright denying follow up care of Plaintiff.

40. Failure of all Defendant's to take steps and ensure that Plaintiff
recived the needed treatment, despite its knowledge of Plaintiff
serious medical needs, constituted deliberate indifference to Plaintiff
serious medical needs.

41. As a result of all Defendant's including John Doe 1,2,3 failure to
provide needed medical treatment, and proper care during Plaintiff stay
at U.C.San Diego Health, Plaintiff suffered and still suffers injury and
physical and emotional pain and suffering.

42. The refusal of All Defendant's including John Doe 1,2,3 to protect
Plaintiff health problems with using the best treatment and doctors has caused
Plaintiff to file a lawsuit against ALL DEFENDANTS & JOHN DOE 1,2,3
for the pain, suffering, incomplete medical treatment, failure of Duty
of Care, Breached that Duty, by injury to Plaintiff for over 3 years,

### NEGLIGENT FAILURE TO PROTECT

43. The "breach of duty" to protect Plaintiff while in the hospital,
resulted in serious physical and emotional injury and damages.

44. The "breach of duty" proximately caused those damages.

45. All Defendant's owed Plaintiff a "duty" of reasonable care to
protect him from futher harm after and during his stay at U.C.San Diego
Health.

SEE 7A CLAIMS FOR RELIEF  SEE 7B INJURIES

### RELIEF REQUESTED

WHEREFORE , Plaintiff request that this Court grant the
following relief;

A. Declare that Defendant's Maysent, Kobayashi, Patel,Hall, John Doe 1,
John Doe 2, John Doe 3 violated Plaintiff's rights under Eighth
Amendment rights when they failed to give him proper medical indifference

which caused injury to him for over three years.

B. Declare that Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1 John Doe 2, John Dole 3 violated Plaintiff's Eighth Amendment right to proper medical care.

C. Declare the treatment that Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1, John Doe 2, John Doe 3 caused "Cruel and Unusal Punishment" from the treatment Plaintiff was given by Defendant's.

D. Issue an injunction requiring that Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1, John Doe 2, John Doe 3 to pay for "new surgery" that Plaintiff is waiting to receive for the Medical Indifference, Medical Deliberate Indifference, Medical Negligence by all Defendant's

E. Award compensatory damages for Plaintiff physical and emotional injuries and punitive damages against each and ALL DEFENDANT's.

F. Grant Plaintiff such other relief as it may appear Plaintiff is intitled to including Appointment of an Attorney.

Sign _____
Date November 12, 2018

Thomas Emil Sliwinski
5673 Saxon Way #C
Bozeman, MT. 57718

## DECLARATION

Pursuant to 28 U.S.C. 1746, I delcare under penalty of perjury that the foregoing is true and correct.

Sign _____
Date November 12, 2018

8

CLAIMS FOR RELIEF

46. The actions of Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1, John Doe 2, John Doe 3 failure to give Plaintiff "proper medical care" was done with Cruel and Uuusal Punishment for the injuries Plaintiff suffered then and for the last 3 years. Creating an violation of the Eighth Amendment of the United States Constitution.

47. Defendant's failure to give Plaintiff "serious medical needs" that he was entitled to under the Constitution of United States, denial of the Eighth Amendment.

48. Defendant's failure to stop the "unnecessary and wantont infliction of pain, Eighth Amendment Violation by all Defendant's.

49. Defendant's All, failure to perceive the medical need in question as "important and worthly of comment or treatment". Whether the medical condition significantly affects daily activities, the existence of chronic and substantial pain" was never considered by any of the Defendants causing a "Indadequate Medical Care" under the Eighth Amendment.

50. Defendant Maysent, failure to have a "competent medical staff" that would of been able to deal with the seriuosness injury Plaintiff had and was being treated by the defendant's at U.C.S.D.H. Causing Medical Deliberate Indifference" violation of the Eighth Amendment of the Constitution of the United States and California Medical Laws.

51. The Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1, John Doe 2, John Doe 3"Negligence by the medical personnel causing California Tort Law Violation.

52. The Defendant's (all) undertook to treat patients with "specialized problems" as Plaintiff had coming to U.C. San Diego Health in October of 2015, were not well established to treat Plaintiff.

53. All Defendant's "disregard a risk" that was "exessive or posed a substantial risk serious harm"

7A

## 7 B INJURIES

1. Because of the Defendant's Maysent, Kobayashi, Patel, Hall, John Doe 1, John Doe 2, John Doe 3 failure to give Plaintiff proper medical care, failure of "duty of care", "uncompetent medical staff", deliberate indifference by all Defendants, failure to treat a "serious illness" by all Defendant's, "unnecessary and wanton infliction of pain" by all Defendants, "medical malpractice" by all Defendant's. The Plaintiff has suffered the following;

2. Plaintiff can not leed a normal everyday life because of the injuries suffered by the Defendant's.

3. Plaintiff must now try to find a place that will take him to repair the damage that all the defendant's caused Plaintiff doing the surgery they did and treatment they gave him. So far "no one" will try the repair to his stomach, except Mayo Clinic, but they will not take Montana insurenece. The cost being around 1.5 to 2 million dollars.

4. Plaintiff is unable to walk or do daily actives, unable to sleep without pain, body fluids still leaking out of Plaintiff, loss of blood daily, infections monthly.

5. Plaintiff constant leaving of "blood" on his shirts, pants, sheets bedding, skipping meals unable to eat.

6. The "mesh" insatlled /implanted into Plaintiff stomach that was done wrong and must be taken out and replaced from the first day it was put in Plaintiff.

7. The life threatning postion Plaintiff is in that if he does not have the life threatning surgery could leed to his death.

8. The three years Plaintiff has gone through pain, suffering, bleeding, discomfort because of all Defendant's ill actions and lack of medical knowledge and professional medical treatment.

9. Plaintiff "mental" depression, fear, from worrying about dieing

7 B

