| | |
|---|---|
| THOMAS EMIL SLIWINSKI,<br>ID #2046133,<br><br>Plaintiff,<br><br>vs.<br><br>PATTY MAYSENT, C.E.O.,<br>U.C. San Diego Health, et al.<br><br>Defendants. | Case No.: 3:18-cv-2653-CAB-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Thomas Emil Sliwinski ("Plaintiff") is currently incarcerated at Montana State Prison in Deer Lodge, Montana. He is proceeding pro se, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl, ECF No. 1.)

Plaintiff claims Patty Maysent, the C.E.O. of U.C. San Diego Health ("UCSD"), two UCSD doctors, a caseworker, several other unidentified doctors named only as John Doe #1, 2, and 3, and an "Unknown Mesh Mfg." violated his Eighth Amendment rights and committed acts of negligence with respect to his medical needs while he was a

1

patient in their care from October 28, 2015, through January 3, 2016. (*Id.* at 1-3.) He seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at 7-8.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a Montana State Prison Resident Statement which attests as to his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* ECF No. 2 at 4-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $33.20, and that he had $44.25 in average monthly deposits to his trust account for the 6-months preceding the filing of this action. However, Plaintiff also had an available balance of only $1.75 to his credit at the time of filing. *See* ECF No. 2 at 4-8.

Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $8.85 pursuant to 28 U.S.C. § 1915(b)(1). Because Plaintiff also had less than that on the books at the time of filing, however, *see* ECF No. 2 at 4, the Court will direct the Warden of Montana State Prison, or his designee, to collect the initial $8.85 fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

4

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff contends that he "was brought to UCSD" "by Homeland Security after [he] was arrested in Mexico on or about October 25, 2015 with stab wounds to the stomach." (*See* Compl., ECF No. 1 at 3.) He "does not remember much" from October 28, 2015, through December 11, 2015, but he alleges to have undergone "13 surgeries," and to have had a "mesh" installed on or about November 2015. (*Id.*) Plaintiff recalls "giving permission to do a 'skin graph' one time," but claims he does not recall consenting to any other surgery or medical treatment. (*Id.*)

After he was discharged, on or about January 3, 2016, Plaintiff was first "taken to San Diego County Jail," and thereafter transported to Lewis & Clark County Jail in Helena, Montana. (*Id.*) Plaintiff "is now at Montana State Prison," and claims to have "nothing but life threatening medical problems caused by what the doctors at UCSD [did] to him." (*Id.*) He claims Defendants "should have checked to make sure [he] was well enough to be discharged," "should [have] taken care and read the instructions on how to install the 'mesh,'" "should [have] found [his] next [o]f kin' for permission" to treat him, and made "numerous mistakes" which have since caused him "numerous infections." (*Id.* at 5.)

Plaintiff concludes Defendants should be found liable for "ministerial neglect" and cruel and unusual punishment. (*Id.* at 6.) He seeks declaratory and injunctive relief requiring Defendants to pay for a "new surgery," as well as unspecified amounts of compensatory and punitive damages. (*Id.* at 8.)

C. <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). But it is not merely a "font of tort law." *Parratt v. Taylor*,

5

451 U.S. 527, 532 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotation marks and citations omitted).

Therefore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. State Action

First, to the extent Plaintiff seeks to sue Patty Maysent, the C.E.O. of UCSD, Dr. Leslie Kobayashi, Dr. S.H. Patel, UCSD Case Worker Jennifer Hall, and John Doe UCSD Drs. #1, 2, and 3, his Complaint fails to state a claim upon which § 1983 relief may be granted because none of these parties are alleged to have acted "under color of state law" when he alleges to have been injured by them. "[I]n a § 1983 action …, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state[.]" *Id.* "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* "While the second *Lugar* prong 'does not restrict the application of the Constitution solely to governmental entities,'" *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 838 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2653 (2018) (citation omitted), "a private party's actions must be 'properly attributable to the State.'" *Id.* (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

Private hospitals, doctors, and nurses are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed

from § 1983 actions for failing to come within the color of state law requirement of this section."); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970-71 (7th Cir. 2016); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016) ("[Even though doctors' services are 'affected with a public interest,' the same may be said of many professions, and this does not automatically convert their every action into an action of the state.") (citation omitted).

And while Plaintiff might be able to hold Defendants liable if his Complaint alleged facts sufficient to plausibly show that the UCSD doctors who treated him contracted directly with the State or municipality to provide medical services to indigents, *and* that he had been committed to their care while he was in state custody, his pleading contains no such allegations. *See West*, 487 U.S. at 53-54; *cf.*, *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state ... to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private ... hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983."); *see also Rojas v. Johnson*, No. 3:17-CV-01287-JAH-JMA, 2017 WL 4245728, at *3 (S.D. Cal. Sept. 25, 2017).

### E. Constitutional Violation

Second, "[t]he Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,'" and therefore it "applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 (1977)). Here, Plaintiff claims only that he was arrested in Mexico by Homeland Security and "brought to UCSD." (*See* Compl., ECF No. 1 at 3.) He does not allege to have been convicted at the time. Therefore, the Eighth Amendment's prohibition of cruel and unusual punishments does not apply—even *if* Defendants were alleged to have acted under color of state law.

Finally, Plaintiff's claims that the UCSD doctors "should" not have discharged him when they did, should have "taken care and read the instructions on how to install the 'mesh,'" and "should [have] found ][his] next of kin," (*see* Compl., ECF No. 1 at 5), all sound in negligence and/or medical malpractice. *See Davidson v. Cannon,* 474 U.S. 344, 347 (1986) (that a plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections). "The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing *Smith v. City of Fontana*, 818 F.2d 1411, 1418, n. 9 (9th Cir. 1987) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official ...") (citation and internal quotation marks omitted) (emphasis original).

Instead, a pretrial detainee's claim of the denial of the right to adequate medical care is analyzed under an objective deliberate indifference standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. City of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071). The "mere lack of due care" is insufficient. *Id.* (internal quotation

8

omitted); *see Hopper v. Cty. of Riverside*, No. EDCV1801277JAKDFM, 2018 WL 6092563, at *4 (C.D. Cal. Nov. 20, 2018).

F. <u>Defendant Unknown Mesh Mfg.</u>

Finally, Plaintiff also includes the "Unknown Mesh Mfg." used by USCD as a Defendant. (*See* Compl., ECF No. 1 at 2.) But only "persons" may be held liable under § 1983. *West*, 487 U.S. at 48; *see also Swagerty v. Palagummi*, No. 2:12-CV-0102 KJN P, 2012 WL 695994, at *2 (E.D. Cal. Mar. 1, 2012) (dismissing prisoner's claims of having been injured by a defective drain plate for failing to state a claim upon which § 1983 relief can be granted); *McKnight v. Tesla Motors Inc.*, No. 3:18-CV-00220-MMD-WGC, 2018 WL 4610873, at *3 (D. Nev. June 7, 2018) (sua sponte dismissing plaintiff's § 1983 claims against Tesla pursuant to 28 U.S.C. § 1915 because Tesla is "a private company, [and] not a person acting under color of state law."), *report and recommendation adopted*, No. 3:18-CV-00220-MMD-WGC, 2018 WL 4604010 (D. Nev. Sept. 25, 2018).

For all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief can be granted, and that it is therefore subject to sua sponte dismissal pursuant to 29 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Williams*, 875 F.3d at 502; *Rhodes*, 621 F.3d at 1004.

G. <u>Leave to Amend</u>

In light of his pro se status, the Court will grant Plaintiff leave to amend all the pleading deficiencies it has identified, if he can. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

///
///
///

9

3:18-cv-2653-CAB-RBB

### III. Conclusion and Orders

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Warden of Montana State Prison, or his designee, to collect from Plaintiff's trust account the $8.85 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Lynn Guyer, Warden, Montana State Prison, 400 Conley Lake Road, Deer Lodge, MT 59722.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to

state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 13, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge