UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EMIL SLIWINSKI, ID #2046133,<br><br>Plaintiff,<br><br>vs.<br><br>PATTY MAYSENT, C.E.O., U.C. San Diego Health, et al.<br><br>Defendants. | Case No.: 3:18-cv-2653-CAB-RBB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

**I.   Procedural History**

On November 19, 2018, Thomas Emil Sliwinski ("Plaintiff") who is currently incarcerated at Montana State Prison in Deer Lodge, Montana and proceeding pro se filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl, ECF No. 1.) In his original Complaint, Plaintiff claimed Patty Maysent, the C.E.O. of U.C. San Diego Health ("UCSD"), two UCSD doctors, a caseworker, several other unidentified doctors named only as John Doe #1, 2, and 3, and an "Unknown Mesh Mfg." violated his Eighth

Amendment rights and committed acts of negligence with respect to his medical needs while he was a patient in their care from October 28, 2015, through January 3, 2016. (*Id.* at 1-3.) He sought declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at 7-8.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

On February 13, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* ECF No. 5.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Specifically, Plaintiff was cautioned that any "[d]efendants not named and any claim no re-alleged in his Amended Complaint will be considered waived." (*Id.* at 10 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").).

On March 27, 2019, Plaintiff filed his First Amended Complaint "FAC." (*See* ECF No. 6.) In his FAC, Plaintiff no longer names Defendants "John Doe 1, John Doe 2, John Doe 3 or Unknown Mesh Mfg in this matter. (*See id.* at 1-2.) Therefore, all the claims against these Defendants are deemed waived. *See Lacey*, 693 F.3d at 928. However, Plaintiff has added as a Defendant, "Dr. Todd Wilson Constantine." (*Id.* at 1-2.)

**II.    Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C.

1  § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a
2  prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state
3  a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875
4  F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*,
5  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002,
6  1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is
7  'to ensure that the targets of frivolous or malicious suits need not bear the expense of
8  responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting
9  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A
10 complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v.*
11 *Williams*, 490 U.S. 319, 324 (1989).

   "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

Plaintiff alleges that he was "arrested by Homeland Security/Border Patrol" near the border between Mexico and the United States. (FAC at 4.) Plaintiff had "already been convicted of a crime when arrested and was a pretrial detainee being held by the Federal government." (*Id.*) Plaintiff was "taken to UCSD under federal protection" and "admitted to the 'west' wing that holds Federal prisoners." (*Id.*) Plaintiff was a "patient of UCSD" from approximately "October 28, 2015 until January 3, 2016." (*Id.* at 1.) Defendants Maysent, Kobayaski, Patel, Constantini, and Hall are alleged to be employees of UCSD. (*See id.* at 1-2.) Plaintiff states that he was subjected to "13 surgeries" conducted by Defendants. (*Id.* at 3.) Plaintiff alleges Defendants failed to "give a level of health services reasonably designed to meet routine and emergency medical treatment." (*Id.*) As a result, "no one can fix the damage that Defendants did to [Plaintiff] for their failure to obey the medical standards of the Federal and State laws of medical practice." (*Id.* at 6.)

C.  42 U.S.C. § 1983 v. *Bivens*

As an initial matter, the Court notes that Plaintiff purports to bring this action pursuant to "42 USC 1983." (FAC at 1.) Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). But it is not merely a "font of tort law." *Parratt v. Taylor*, 451 U.S. 527, 532 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotation marks and citations omitted).

///
///
///
///

4

Therefore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

However, Plaintiff claims that he was arrested by federal law enforcement officers, detained as a "pretrial detainee being held by the federal government," and was "admitted to the 'west' wing that holds [f]ederal prisoners, pre trial detainees." (FAC at 3-4.) However, to the extent Plaintiff invokes federal jurisdiction in this matter pursuant to 42 U.S.C. § 1983, *see* FAC at 1, he fails to state any claim upon which relief can be granted. This is due to the fact that Plaintiff seeks damages based on the allegedly unconstitutional actions of purported federal actors employed at UCSD, "the only possible action . . . is an action under the authority of *Bivens [v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971)]." *Id.*; *see also Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.").

Thus, the Court will liberally construe his factual allegations as though they were pleaded to seek relief pursuant to *Bivens*, rather than § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens'*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137 S. Ct. 1843, 1854 (2017)). The Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's

decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24-25 (1980) (concluding that "[a] federal official contemplating unconstitutional conduct [in the context of an Eighth Amendment] medical care [claim]… must be prepared to face the prospect of a *Bivens* action.")).

However, the Court has expressly refused to extend liability for constitutional violations to federal agencies or private actors who contract with the federal government. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001). Thus, even if Plaintiff had filed his FAC pursuant to *Bivens*, rather than pursuant to 42 U.S.C. § 1983, to the extent he seeks to hold UCSD employees liable for damages incurred under color of *federal* law, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). However, *Bivens* does not authorize a suit for money damages against a private entity like UCSD or its employees. *See Malesko*, 534 U.S. at 66 n.2 (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities."); *Minneci v. Pollard*, __U.S. __, 132 S. Ct. 617, 626 (2012) (foreclosing *Bivens* relief where federal prisoner sought damages from privately employed prison personnel, and despite Eighth Amendment inadequate medical care allegations, on grounds that the "conduct is of a kind that typically falls within the scope of traditional state tort law," and therefore "the prisoner must seek a remedy under state tort law.").

Accordingly, to the extent Plaintiff's FAC alleges constitutional violations committed by Defendants, who are alleged to be employed by UCSD, he fails to state a plausible claim upon which *Bivens* relief may be granted.

### III. Conclusion and Orders

For the reasons discussed, the Court:

**DISMISSES** this civil action without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because the Court finds further amendment futile, leave to amend is **DENIED**. See *Cahill v. Liberty Mut. Ins.*

*Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk of Court is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

Dated: May 15, 2019

Hon. Cathy Ann Bencivengo
United States District Judge